UNITED STATES of America, Appellee,

v.

Edward E. GARRETT, Appellant.

No. 87–1152.

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 1988.

Decided June 24, 1988.

Rehearing and Rehearing En Banc
Denied Aug. 10, 1988.

Michael R. Salamo, Fayetteville, Ark., for appellant.

Larry McCord, Fort Smith, Ark., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HARPER,* Senior District Judge.

JOHN R. GIBSON, Circuit Judge.

Edward E. Garrett appeals the judgment of the district court upholding his conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1982). In the first appeal from his conviction, Garrett argued that the district court erred in refusing to dismiss the conspiracy charge because the grand jury which indicted him also heard him testify on related matters under a grant of use and derivative use immunity pursuant to 18 U.S.C. § 6002 (1982). To determine whether this procedure violated Garrett's fifth amendment privilege against self-incrimination, we remanded the case for an evidentiary hearing at which the government, confronted by defense counsel, was required to affirmatively demonstrate the independent source of the evidence upon which the indictment was based. *United States v. Garrett*, 797 F.2d 656, 664 (8th Cir.1986). At the conclusion of the hearing, the district court found that the indictment rested on wholly independent evidence and denied Garrett's motions to quash and for acquittal. On appeal Garrett challenges the district court's factual findings. We affirm.

Our earlier opinion summarizes the basic facts regarding the government's investigation and prosecution of Garrett for perjury and for conspiracy to distribute cocaine with Don Louis Church, John Wesley (Wes) Cooper, Jr., and others. *See id.* at 658–59. At the evidentiary hearing on the grand jury issue, the government offered the testimony of FBI Special Agent Bill Hardin, the principal investigator in the case, and

* The HONORABLE ROY W. HARPER, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

several documentary exhibits.[1] The district court found that Garrett's grand jury testimony was quite brief, that Garrett "didn't really admit to anything," and that he denied any knowledge of the cocaine distribution scheme under investigation. The court also found that events before and after Garrett testified were "undeniably the source for the evidence presented to the grand jury." The court focused on Church and Cooper's statements to the FBI in July of 1984, which provided substantial evidence linking Garrett to the conspiracy, particularly Church's statement that he had "fronted" Garrett two kilos of cocaine for resale in April of 1983. The district court determined that this evidence, obtained nearly seven months after Garrett's grand jury appearance, was wholly independent of his immunized testimony. The court also found no basis in the record for a conclusion that Garrett's immunized testimony directly or indirectly aided in the production of any evidence which the government used or the grand jury considered in indicting him.

On appeal Garrett argues that the government introduced evidence and elicited testimony during his grand jury appearance which may have tainted the grand jury's later decision to indict him, or provided information which the government could use in its investigation. Garrett emphasizes, among other things, his admitted use of cocaine; his association with persons suspected of drug activity by the government; his travel to countries associated with drug production, including Peru and Colombia; his failure to produce records of his wholesale clothing business; and a DEA report introduced by the government which stated that Garrett had ordered molds for the production of plastic capsules and suitcases with concealed compartments. Garrett also points out that his credibility was attacked before the grand jury on more than one occasion. He argues that the grand jury was ultimately asked to return charges of conspiracy and perjury at the same time, but there is no evidence the grand jury was instructed in its use of his immunized testimony.

The district court's findings must be upheld unless clearly erroneous. *See United States v. Rogers*, 722 F.2d 557, 560 (9th Cir.1983), *cert. denied*, 469 U.S. 835, 105 S.Ct. 129, 83 L.Ed.2d 70 (1984). Upon review of the entire record, we are satisfied that the district court did not err in finding that Garrett's immunized testimony did not contribute directly or indirectly to the evidence used to obtain his indictment. The evidence introduced by the government during Garrett's grand jury appearance, including the DEA report, was plainly derived from events occurring before Garrett testified, and its introduction during his testimony does not in itself establish a violation of his fifth amendment privilege. *See United States v. Lipkis*, 770 F.2d 1447, 1451 (9th Cir.1985). Garrett's prosecution for perjury is expressly exempted from the requirements of 18 U.S.C. § 6002. Most importantly, nothing in the record indicates that the government had any evidence linking Garrett to the conspiracy until it obtained Church and Cooper's statements in July of 1984.[2] Agent Hardin testified that Garrett's testimony did not provide the government with any evidence that was used against him on the conspiracy charge or any investigative leads. The record demonstrates that Garrett's statements before the grand jury were totally exculpatory with respect to the conspiracy charge, and that the government's attacks on his

---

1. The government introduced a transcript of Garrett's January 5, 1984 immunized grand jury testimony; a transcript of Wes Cooper's July 20, 1984 interview with Hardin and Special Agent Bob Morris; an excerpt from Don Church's July 26, 1984 interview with Morris; and a transcript of Hardin's November 14, 1984 testimony before the grand jury. In addition, Garrett offered the full transcript of Church's July 26 interview with Morris; transcripts of additional interviews between Church and Agents Hardin and Morris; the November 8, 1983 grand jury testimony of Dr. Edward M. Cooper, father of Wes Cooper; and a transcript of Church's grand jury testimony on August 1, 1984.

2. While Cooper's statement was not read to the grand jury, it was referred to by Agent Hardin as confirming Church's grand jury testimony, and it supports the finding that the evidence used to indict Garrett was derived from independent sources.

credibility did not elicit any testimony implicating him in the conspiracy; for the most part, these attacks merely led to further unimpeached denials by Garrett of any knowledge or involvement in the scheme.

We have carefully considered Garrett's remaining arguments and have determined that they are without merit. The district court did not err in denying Garrett's motions to quash the indictment and for acquittal.

Affirmed.